RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 5-29-08
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FRANK L. McCALL, JR.<br>LA. DOC. #130746<br>VS.<br><br>PARISH OF WINN, ET AL. | CIVIL ACTION NO.1:08-cv-0019<br><br>SECTION P<br><br>JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to the provisions of 42 U.S.C. §1983 on January 7, 2008 by *pro se* plaintiff Frank L. McCall, Jr. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Winn Corrections Center (WCC), Winnfield, Louisiana and he complains that he was attacked by two inmates on November 30, 2007. He sues numerous defendants and prays for compensatory damages, a declaratory judgment, and an injunction requiring the defendants to "...place officers on the inside of the dormitories..." at WCC. Plaintiff has also requested permission to proceed *in forma pauperis*.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### Statement of the Case

Plaintiff is no stranger to the court. He is a frequent filer of frivolous civil rights complaints and successive *habeas*

*corpus* petitions.[1] On July 20, 2007, United States District Judge Tucker L. Melançon rendered judgment imposing sanctions against plaintiff in the matter entitled <u>Frank L. McCall, Jr. v. Donald W. Washington, et al.</u>, No. 6:07-cv-0240. Among other things, Judge Melançon ordered plaintiff to "...obtain written judicial pre-approval for all future *pro se* filings in this court..." Further, Judge Melançon ordered that "McCall's right to proceed *in forma pauperis* in this court is suspended, unless the lawsuit reveals that McCall is in imminent danger of serious physical injury." No. 6:07-cv-0240 at rec. doc.7.

Plaintiff raised these identical claims in a complaint filed on December 10, 2007. See <u>McCall v. La. Dept. of Public Safety & Corrections,</u> No. 1:07-cv-2160,. On January 17, 2008 the Court denied McCall permission to file the suit and directed that those pleadings be stricken.

### Law and Analysis

#### 1. Preliminary Review

Because he has filed numerous frivolous civil rights complaints in the past, specific sanctions have been ordered by

---

[1] See the Report and Recommendation of United States Magistrate Judge Mildred E. Methvin, in the matter entitled *Frank L. McCall, Jr. v. Donald W. Washington, et al.*, No. 6:07-cv-0240 at rec. doc. 6, "Since his conviction and sentence years ago, McCall has filed a total of at least fifty-six lawsuits in state and federal court against various state and federal officials, and at least 30 in this court alone. McCall's lawsuits have been dismissed as frivolous [5:96-cv-951; 5:96-cv-986; 5:96-cv-1565; 5:96-cv-1753; 5:96-cv-1793; 6:05-cv-1881], for failure to comply with deficiency orders, or they have been stricken pursuant to 28 U.S.C. §1915(g) or as second and successive habeas petitions filed without authorization by the Fifth Circuit Court of Appeals."

Judge Melançon. Thus, before his complaint may even be considered, plaintiff must first obtain the approval of a United States District Judge; if such approval is granted, plaintiff must then either pay the costs of court or obtain approval to file his complaint *in forma pauperis*.

Plaintiff raises a serious issue with respect to his complaint. Nevertheless, on the basis of his pleadings and exhibits, it appears that the complaint is yet another of plaintiff's frivolous lawsuits and permission to file should be withheld and denied. Plaintiff faults the defendants for failing to protect him from violence at the hands of his fellow inmates. To state a failure to protect claim under § 1983, plaintiff must show (1) that he is incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants were deliberately indifferent to his need for protection. Neals v. Norwood, 59 F.3d 530, 533 (5th Cir.1995). For an official to act with deliberate indifference he "must both be aware of facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Plaintiff has not shown how any of the named defendants were deliberately indifferent to his safety. He complains that the prison authorities inadequately staffed the prison by failing to provide guards in each dormitory. He has not alleged facts to establish that there was a substantial risk of harm, nor has he

even suggested that the defendants subjectively drew such an inference.

Reading the complaint in the light most favorable to the plaintiff, the facts alleged suggest, at worst, a lack of due care or negligence which "simply does not approach the sort of abusive government conduct that the [Constitution] was designed to prevent." Davidson v. Cannon, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986) (holding that the negligent failure of prison officials to protect a prisoner from another inmate did not amount to an Eighth Amendment violation). In short, the Court should deny plaintiff permission to file this frivolous complaint.

### 2. In forma pauperis status

Should the court determine that plaintiff's allegations are sufficient for the court to permit him to file his complaint, those allegations clearly do not suggest, much less establish, that he is "under imminent danger of serious physical injury" so as to permit him to proceed in forma pauperis as mandated by 28 U.S.C. § 1915(g) and Judge Melançon's judgment.

As the Third Circuit has stated "'[i]mminent' dangers are those dangers which are about to occur at any moment or are impending." Abdul-Akbar v. McKelvie, 239 F.3d 307at 315 (3d Cir.2001) (citing Webster's II New Riverside University Dictionary 611 (1984)). A prisoner who has been sanctioned pursuant to § 1915(g) is entitled to proceed only if he is in

imminent danger "... <u>at the time he seeks to file his suit</u> in district court..." <u>Banos v. O'Guin</u>, 144 F.3d 883, 884 (5th Cir. 1998). Thus, allegations that a prisoner has faced danger in the past are insufficient to trigger the "imminent danger" exception of §1915(g). Compare <u>Ashley v. Dilworth</u>, 147 F.3d 715, 717 (8th Cir. 1998).

Here, plaintiff complains of an apparently isolated incident that occurred on November 30, 2007. He offers no reason to believe that he remains in danger at the present time.

### Conclusion and Recommendation

Despite the best efforts of the court to discourage plaintiff from filing frivolous law suits, he continues to do so. The court should consider imposing additional sanctions against the plaintiff.

Accordingly,

**IT IS RECOMMENDED** that the court deny plaintiff approval to file the instant complaint and order all pleadings stricken;

In the alternative,

**IT IS RECOMMENDED** that, in the event that the court approve of plaintiff's filing, plaintiff be denied permission to proceed *in forma pauperis* and that he be required to pay the full costs of court or suffer dismissal of his complaint; and,

**IT IS FURTHER RECOMMENDED** that additional sanctions be imposed against the plaintiff.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and

Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 29th day of May, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE